**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MATTHEW THOMAS HARRISON,

      Petitioner,

v.

HEIDI E. WASHINGTON,

      Respondent.

Case No. 26-cv-10461
HON. MARK A. GOLDSMITH

_____/

**OPINION AND ORDER GRANTING MOTION TO HOLD PETITION**
**IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE**

Matthew Thomas Harrison, proceeding <u>pro se</u>, has filed a petition for a writ

of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1).  He has also filed a motion to

hold the petition in abeyance pending exhaustion of his state court remedies (Dkt.

2).  Because Harrison's direct appeal remains pending before the Michigan Supreme

Court and dismissal could effectively foreclose future federal review, the Court will

grant the motion, stay the petition, and hold this matter in abeyance.  The case will

be administratively closed pending completion of the state-court proceedings.

**I. BACKGROUND**

In 2019, Harrison was charged in the Wayne County Circuit Court with

torture, Mich. Comp. Laws § 750.85, unlawful imprisonment, Mich. Comp. Laws

§ 750.349b, two counts of first-degree criminal sexual conduct, Mich. Comp. Laws

§ 750.520b, assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, and aggravated domestic violence, Mich. Comp. Laws § 750.81a(2). A jury convicted him of assault with intent to do great bodily harm less than murder and aggravated domestic violence and acquitted him of the remaining charges. See People v. Harrison, No. 368165, 2025 WL 1971793, at *2 (Mich. Ct. App. July 16, 2025). On September 18, 2023, the trial court sentenced him to 47 months to 15 years for the assault conviction and 1 year for the domestic violence conviction. Id.

Harrison appealed, raising these claims: (i) violation of the right to a speedy trial, (ii) sentencing error, (iii) ineffective assistance of counsel, (iv) the trial court improperly denied a request for in camera review of the victim's medical records, violated defendant's right to present a defense, and displayed judicial bias, and (v) double-jeopardy violation. The Michigan Court of Appeals affirmed Harrison's conviction and sentence. Id. at *8.

Harrison then filed an application for leave to appeal and a motion for immediate consideration in the Michigan Supreme Court. The Michigan Supreme Court: (1) granted the motion for immediate consideration, (2) ordered oral argument, (3) directed the parties to file supplemental briefs addressing Harrison's speedy trial claim and his claim that the trial court erred in denying the defense's motion for in camera review of the complainant's medical records, and (4) invited

2

the Prosecuting Attorneys Association of Michigan and the Criminal Defense Attorneys of Michigan to file briefs amicus curiae.  People v. Harrison, 25 N.W.3d 334, 334-335 (Mich. 2025).  The appeal remains pending.

In February 2026, while his state-court proceedings were ongoing, Harrison filed the present habeas petition under 28 U.S.C. § 2254, raising claims that include those currently before the Michigan Supreme Court.  He also filed a motion to stay the petition and hold it in abeyance pending exhaustion of his state-court remedies.

## II.  ANALYSIS

Harrison seeks a stay of this proceeding while his direct appeal remains pending before the Michigan Supreme Court.  Because that appeal is ongoing, his claims are not yet fully exhausted.  Harrison argues that dismissal of the petition could jeopardize his ability to seek federal habeas relief in the future.  That concern is well taken.

A state prisoner must exhaust available state court remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b).  Exhaustion requires fairly presenting each claim through "one full round" of the state's appellate review process, including the state's highest court.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  Because Harrison's direct appeal remains pending before the Michigan Supreme Court, his claims are unexhausted.

3

When a habeas petition contains unexhausted claims, federal courts have several options including dismissing the petition without prejudice to allow the petitioner to return to state court to exhaust his claims or allowing the petitioner to dismiss the unexhausted claims and proceed on a petition limited to fully exhausted claims.  See Rose v. Lundy, 455 U.S. 509, 510 (1982).  Where dismissal of the petition may cause procedural complications jeopardizing a petitioner's ability to file a future petition, a federal habeas petition may be stayed and further proceedings held in abeyance while the petitioner exhausts state remedies.  See Rhines v. Weber, 544 U.S. 269 (2005).  To obtain such a stay, the petitioner must show good cause for failing to exhaust state remedies before filing the petition, that the unexhausted claims are not plainly meritless, and that the petitioner is not engaged in intentionally dilatory litigation tactics.  Id. at 277-278.

Those requirements are satisfied here.  Harrison has demonstrated good cause because dismissal could effectively bar him from returning to federal court.  Federal jurisdiction over a habeas petition exists only when the petitioner is "in custody pursuant to the judgment of a State court" at the time the petition is filed.  28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).  Jurisdiction, once established, is not defeated by a petitioner's subsequent release, but a petitioner who is no longer in custody cannot

initiate a new habeas action.  <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968); <u>Sevier v. Turner</u>, 742 F.2d 262, 268 (6th Cir. 1984).

Harrison satisfied the "in custody" requirement at the time he filed this petition because he was then serving a term of parole (Dkt. 2, PageID.90).  <u>See Hensley v. Municipal Court,</u> 411 U.S. 345, 348 (1973) (citing <u>Jones v. Cunningham,</u> 371 U.S. 236, 240-241 (1963)) (the custody requirement is satisfied where a petitioner was on parole at the time petition is filed).  He has since been discharged from parole.[1]  As a result, if the Court were to dismiss the petition, even without prejudice, Harrison likely would be unable to satisfy the custody requirement in a future filing.  Under these circumstances, dismissal would effectively foreclose federal habeas review.  This establishes good cause for a stay.

In addition, Harrison's claims do not appear to be plainly meritless, and there is no indication that he has engaged in dilatory tactics.  To the contrary, he has diligently pursued relief in the state courts while seeking to preserve his ability to obtain federal review.

Accordingly, the Court will stay this matter and hold the petition in abeyance pending the completion of Harrison's state-court proceedings. The stay is

---

[1] The Michigan Department of Corrections Offender Tracking Information System (OTIS), of which this Court is permitted to take judicial notice, <u>see Ward v. Wolfenbarger</u>, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004), indicates that Harrison was fully discharged on February 22, 2026.

conditioned on Harrison returning to this Court within ninety (90) days of the conclusion of those proceedings.  See Rhines, 544 U.S. at 278 (noting that "district courts should place reasonable time limits on a petitioner's trip to state court and back").

### III.  CONCLUSION

For the reasons set forth above, Harrison's motion to hold petition in abeyance is granted.  This matter is stayed and held in abayance pending completion of state-court proceedings.  The stay is conditioned on Harrison's return to this Court, with a motion to lift the stay within ninety (90) days of the conclusion of those proceedings.

The Clerk of the Court is directed to administratively close this case.  Nothing in this Order or the related docket entry shall be construed as an adjudication of any of Harrison's claims.

**SO ORDERED.**

Dated: July 1, 2026                                    s/Mark A. Goldsmith
Detroit, Michigan                                    MARK A. GOLDSMITH
                                                              United States District Judge

6

# **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 1, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager

7